

Dated: April 17 2025

John P. Gustafson
United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-61719 |
| | ) | |
| Alexander Crespo Morales | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE JOHN P. GUSTAFSON |

### ORDER FOR EVIDENTIARY HEARING ON DEBTOR'S OBJECTION TO CLAIM 4

This case came before the court on Debtor's Amended Objection to Claim 4 [Doc. #24], seeking disallowance of a proof of claim filed by Lightstream, a Division of Truist Bank ("Creditor") [Claim No. 4-1].

The Objection states:

> Now comes Debtor Alexander Crespo Morales (hereinafter "Debtor") by and through the undersigned counsel, and hereby objects to Proof of Claim No. 4 filed by Lightstream, A Division of Truist Bank, PO Box 1847, Wilson, NC 27894, on February 10, 2025. Debtor objects to Lightstream's claim on the basis that it fails to comply with Bankruptcy Rule 3001(c).
>
> WHEREFORE, Debtor respectfully requests that Claim No. 4 be denied in its entirety.

[Doc. #24, p. 1].

While Creditor has not filed a response to the Objection, an objection to a creditor's proof of claim does not automatically result in disallowance, particularly where the claim includes some documentation establishing a *prima facie* basis for liability and where the claim is verified by debtor's schedules. *See*, *In re Burkett*, 329 B.R. 820, 829 (Bankr. S.D. Ohio 2005).

Here, Claim Number 4-1 was filed in the amount of $20,795.70. A copy of an underlying "Loan Agreement" was attached to the Lightstream Proof of Claim. [Claim No. 4-1, pp. 4-14]. The Proof of Claim reflects that the "last four digits of the debtor's account" are "0694". [Claim No. 4-1, p.2, ¶6].

Reviewing Debtor's Schedule E/F, the court notes that "SUNTRUST BANK DBA LI" is listed as a creditor with a "Total claim" of "$20,165.00". [Doc. #1, p. 26, ¶4.6]. The "SunTrust" claim is not listed as disputed, contingent or unliquidated. [*Id.*]. The Debtor listed the "last four digits of the account" as "0694", the same four-digit number referenced by Lightstream on Claim Number 4-1.[1] A debtor's schedules are signed and filled under penalty of perjury. *See*, Fed. R. Bankr. P. 1008; 28 U.S.C. §1746; *see also*, *Elite Constr. Design Mgmt. LLC v. Kerschner*, No. 2:23-CV-820, 2024 WL 2315272 at *12, 2024 U.S. Dist. LEXIS 91800 at *34 (S.D. Ohio May 22, 2024) quoting, *In re Perez*, 2019 WL 7341580, at *8, 2019 Bankr. LEXIS 3942 at *23 (6th Cir. BAP Dec. 30, 2019).

The matter will therefore be scheduled for evidentiary hearing for the reasons that follow.

Courts have consistently held that disallowance of a claim requires more than a procedural deficiency; it demands substantive rebuttal. *See*, *In re Insight Terminal Sols., LLC*, 657 B.R. 78, 93 (B.A.P. 6th Cir. 2024); *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004); *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)(citing *Juniper Dev. Group v. Kahn*, 993 F.2d 915, 925 (1st Cir. 1993) and *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)). Under Federal Rule of Bankruptcy Procedure 3001(c), if a claim is based on a writing, a copy of the writing is to be filed along with the proof of claim.

---

1/ While the matching account numbers could be a coincidence, and Debtor should be permitted to prove that possibility, at this time the mathematical odds appear to weigh against it because of the four digit match and the similarity of the debt amounts.

2

Once a creditor properly executes and files a proof of claim in accordance with the Federal Rules of Bankruptcy Procedure, its proof of claim is considered "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993); *Ashford v. Consolidated Pioneer Mortgage*, (*In re Consolidated Pioneer Mortgage*), 178 B.R. 222 (9th Cir. B.A.P. 1995). Further:

> [A] claim verified by a debtor's schedules may require no documentation whatsoever. If a proof of claim correlates to a debt listed by the debtor in his or her schedules, this may be sufficient, by itself, to establish the prima facie validity of the proof of claim. *In re Relford*, 323 B.R. 669, 676 (Bankr. S.D. Ind. 2005) (as amended following reconsideration); *Jorczak*, 314 B.R. at 481–82 (noting that the scheduling of a debt is a judicial admission by the debtor); *Cluff*, 313 B.R. at 340 . . . it is nevertheless strongly probative of the claim's validity.

*In re Burkett*, 329 B.R. at 829; *see also*, *In re Hughes*, 313 B.R. at 212.

Moreover, Federal Rule of Bankruptcy Procedure 3001(c)(3) provides a specific remedy where the required documentation is not attached to the filed proof of claim in an "Individual-Debtor Case":

> (3) **Sanctions in an Individual-Debtor Case**. If the debtor is an individual and a claim holder fails to provide any information required by (1) or (2), the court may, after notice and a hearing, take one or both of these actions:
>
>> (A) preclude the holder from presenting the information in any form as evidence in any contested matter or adversary proceeding in the case - unless the court determines that the failure is substantially justified or is harmless; and
>>
>> (B) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(3).

Notably, disallowance of the claim based solely on the failure to include the required documentation is not one of the sanctions listed in Rule 3001(c)(3). Debtor did not provide any affirmative evidence that he did not owe the debt, nor did the Objection assert that there was insufficient evidence provided for the Debtor to determine whether or not he owed the debt asserted in Creditor's Proof of Claim.

3

In *In re Jorczak*, 314 B.R. 474 (Bankr. D. Conn. 2004), the court ruled that even if Rule 3001 documentation is incomplete, the debtor must still meet their evidentiary burden. The same principle was observed in *In re Brown*, 244 B.R. 603 (Bankr. W.D. Va. 2000) and *In re Taylor*, 363 B.R. 303 (Bankr. M.D. Fla. 2007): objecting parties must support objections with actual evidence, not merely rely on creditor silence or minor technical failures.

Here, Creditor attached a signed loan agreement to its claim, which references the same account numbers listed in the Debtor's Schedule E/F. This appears to provide the documentation sufficient to support a presumption of validity of the underlying obligation, as contemplated by *Jorczak*, *Brown*, and *Taylor*. Unless contradicted by additional evidence from the Debtor, this is further bolstered by the Debtor's apparent acknowledgment of the debt under penalty of perjury as discussed in *Burkett* and *Hughes*.

What Creditor did not attach was "an itemized statement of the principal amount and any interest, fees, expenses, and other charges incurred before the petition was filed; . . . ." Fed. R. Bankr. P. 3001(c)(2)(A).[2] If the Debtor wishes to offer evidence that the pre-petition interest, fees, expenses, and other charges that were not itemized in any attachment to Proof of Claim 4-1 are improper, Creditor will be precluded from presenting evidence to the contrary.[3]

However, the burden remains on the Debtor to produce evidence sufficient to overcome the claim's presumption of validity as to the debt itself, and to present evidence as to any payments made to Creditor that were uncredited during the period from when the loan was taken out (on or about July 9, 2024) and the date of the filing of the Chapter 13 Petition on December 23, 2024.

For the reasons stated above,

---

2/ Federal Rules of Bankruptcy Procedure 3001(c)(2)(B) and (C) only apply to secured loans, and Proof of Claim 4-1 reflects Creditor's assertion (under penalty of perjury) that no part of the loan in issue is secured. [Proof of Claim 4-1, p. 2, ¶9].

3/ While it does not appear to be specifically required by Bankruptcy Rule 3001(c)(2)(A), there is also no attached accounting of payments that were made by Debtor, if any.

**IT IS ORDERED** that the Debtor's Amended Objection to Claim 4 [Doc. #24], is scheduled for **EVIDENTIARY HEARING** before the Honorable John P. Gustafson, on **May 14, 2025, at 1:00 p.m.**, in Courtroom Ralph Regula United States Courthouse, 401 McKinley Ave. SW, Canton, OH 44702. **Parties are required to appear in person.**

###

5

24-61719-jpg    Doc 25    FILED 04/17/25    ENTERED 04/18/25 07:34:13    Page 5 of 5